IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 12-62048-CIV-DIMITROULEAS

MOBILE MEDIA CELLULAR CORP.,
a Florida corporation,

    Plaintiff,
vs.

T-MOBILE USA, INC., a foreign corporation,

    Defendant.
_____/

**MOBILE MEDIA CELLULAR'S MOTION TO ABATE DECISION REGARDING MOTION TO COMPEL ARBITRATION PENDING SUBMISSION OF MOTION TO FILE DOCUMENTS UNDER COURT SEAL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff MOBILE MEDIA CELLULAR CORP., a Florida corporation ("MOBILE MEDIA"), by and through their respective counsel and pursuant to the applicable Federal Rules of Civil Procedure and the local rules of court, herein files its motion to abate the decision regarding the motion to compel arbitration pending submission of motion to file documents under court seal as follows.

1. As previously set forth in the motion to compel arbitration and the response and memorandum of law in response thereto, the issue is whether T MOBILE can compel arbitration by relying on the terms of the Limited Contract when a review of MOBILE MEDIA'S Complaint demonstrates that T MOBILE represented, in writing, to MOBILE MEDIA that MOBILE MEDIA would be provided with the TPRI Contract.

2. MOBILE MEDIA asserts that it is entitled to litigate the merits of the action through and including a trial by jury regarding the causes of action sounding in fraudulent

Case 0:12-cv-62048-WPD   Document 10   Entered on FLSD Docket 12/05/2012   Page 2 of 6

*Mobile Media vs. T Mobile*
*Case No.: 12-62048-CIV-DIMITROULEAS*

inducement and negligent misrepresentation (hereinafter the "intentional torts") for conduct associated with the representations that T MOBILE made to MOBILE MEDIA prior to MOBILE MEDIA signing and agreeing to the limited contract regarding the fact that it would be providing MOBILE MEDIA with the TPRI Contract. While MOBILE MEDIA agrees that the breach of contract cause of action contained in Count III of the Complaint would be subject to the arbitration provision of the limited contract, it takes the position that the intentional tort causes of action founded in Count I and Count II of the Complaint are not arbitrable issues.

3. The documents that each party seeks to utilize in support of their respective positions are marked by T MOBILE as being privileged and confidential. Neither party seeks to violate the confidential nature of the documents in their possession. Each party, however, seeks to file such documents to support their respective positions.

4. MOBILE MEDIA seeks to provide the court with a number of documents that support its contention that T MOBILE was going to be providing it with the TPRI Contract (collectively the "Intentional Tort Documents"). The Intentional Tort Documents include, without limitation, as follows: (i) evidence that T MOBILE made such representations to MOBILE MEDIA; (ii) evidence that the representations were in writing; (iii) evidence that MOBILE MEDIA relied on those representations through expending significant amounts of money to ensure that it complied with the benchmarks established by T MOBILE; (iv) evidence that the representations and the reliance was made prior to MOBILE MEDIA signing the Limited Contract with T MOBILE; and (v) evidence that after the Limited Contract was signed by MOBILE MEDIA; T MOBILE continued making representations that it would be providing the TPRI Contract; only to be followed by a series of excuses as to why it did not—after MOBILE

Case 0:12-cv-62048-WPD Document 10 Entered on FLSD Docket 12/05/2012 Page 3 of 6

*Mobile Media vs. T Mobile*
Case No.: 12-62048-CIV-DIMITROULEAS

MEDIA expended a significant amount of money and entered into long term leases secured by personal guarantees to ensure that it would be providing the TPRI Contract.

5. The parties are in the process of preparing the motion to file the documents under court seal as per Rule 5.4 of the local rules. During the preparation of the motion to file the documents, T MOBILE, by and through one of its attorneys, indicated that T MOBILE sought to review the Intentional Tort Documents prior to agreeing to the submission of such documents under seal in consideration of the motion to compel arbitration. This is evidenced by the email correspondence attached hereto as **EXHIBIT "A"**. Later in the evening yesterday, another one of T MOBILE'S attorneys indicated, indirectly, that it would not be interested in reviewing the Intentional Tort Documents; it would only agree to file the joint motion to submit documents under court seal in furtherance of the motion to compel arbitration if MOBILE MEDIA agreed to limit the documents being produced to the Limited Contract and any other documents regarding the contractual agreement entered into between MOBILE MEDIA and T MOBILE ("the Contract Documents"). This is evidenced by the email chain attached hereto as **EXHIBIT "B"**[1].

6. MOBILE MEDIA submits that it should come as no surprise that T MOBILE has no interest in allowing the Court to review the Intentional Tort Documents as it presumably knows that the Intentional Tort Documents demonstrate that there is zero 'significant relationship' between the Limited Contract and the Intentional Tort Documents. *The Shakespeare Foundation, Inc.,* 61 So.3d at 1199.

---

[1] See email from James Baldinger to the undersigned counsel dated December 4, 2012 @ 7:49 p.m. "our deal was that we would agree to jointly file the two agreements under seal. We will not agree to file all the things you list in paragraph 22 of the complaint."

Case 0:12-cv-62048-WPD   Document 10   Entered on FLSD Docket 12/05/2012   Page 4 of 6

*Mobile Media vs. T Mobile*
Case No.: 12-62048-CIV-DIMITROULEAS

7. The intentional tort claims are not subject to arbitration. It is demonstrated by a review of the Intentional Tort Documents that T MOBILE has objected to the Court reviewing (even though they were referred to, in great detail, in the Complaint—see, e.g., ¶22).

8. The Court ought to review it, however, as those documents pertains to the nature of the fact that the intentional tort allegations have no significant relationship to the Limited Contract. This is irrespective of whether the arbitration rules are subject to state or federal law.

9. The Court should abate the ruling on the issue regarding the arbitration pending T MOBILE and the Court having an opportunity to review the Intentional Tort Documents. The reasoning is more fully set forth through the attached Memorandum of Law.

## **MEMORANDUM OF LAW**

### I.   MOBILE MEDIA'S MOTION TO ABATE SHOULD BE GRANTED

MOBILE MEDIA submits that the Court should review all such documents through an *in camera* inspection or other mechanism to ensure confidentiality in considering the motion to compel arbitration and would request that the Court abate an order on the motion to compel arbitration pending its full review of the Contract Documents and the Intentional Tort Documents in MOBILE MEDIA'S possession to demonstrate that the intentional tort claims are not arbitrable because they are not substantially related to the Limited Contract. Should the motion be granted, the parties will not be prejudiced. MOBILE MEDIA would be provided with the opportunity to comply with the request from T MOBILE'S counsel that the Intentional Tort Documents be reviewed. In addition, the Court will have the opportunity to review the Intentional Tort Documents prior to making a decision as to whether the claims sounding in intentional tort are substantially related to the Limited Contract. The only reason that the Intentional Tort Documents were not included in the Compliant was to ensure confidentiality

4

from public display. However, the documents are relevant for the Court to make a decision regarding the motion to compel arbitration. The fact that T MOBILE is refusing to agree to have the Court review the Intentional Tort Documents (see email attached as **EXHIBIT B**) is most telling and should peak the Court's curiosity as to what it is that T MOBILE seeks to hide from the Court and why it would refuse to permit the Court to review the Intentional Tort Documents for consideration as to whether the intentional tort claims are subject to arbitration.

Should the motion be denied, however, MOBILE MEDIA would be prejudiced as the Court may consider the motion without the Intentional Tort Documents which were not provided in the Complaint for the protection of T MOBILE but which are highly relevant to whether the litigation can remain in Court rather than be adjudicated through the alternative dispute resolution procedures in a contract, or the Limited Contract, that has no relationship to the intentional tort claims.

Undersigned counsel discussed such issue with counsel for T MOBILE. Counsel for T MOBILE indicated that the motion would be opposed.

**WHEREFORE**, MOBILE MEDIA would respectfully request that the Court grant its motion to abate the decision regarding the motion to compel arbitration pending MOBILE MEDIA providing the court with the Contract Documents and the Intentional Tort Documents and would further request any further relief that the Court deems fair, just and equitable.

> Respectfully submitted,
>
> THE LAW OFFICES OF
> GEOFFREY D. ITTLEMAN, P.A.
> 440 North Andrews Avenue
> Fort Lauderdale, Florida 33301
> Tel: (954) 462-8340
> Fax: (954) 462-8342
> geoffrey@ittlemanlaw.com
>
> By:   s\Geoffrey Ittleman
>       Geoffrey D. Ittleman, Esq.
>       Florida Bar No.: 377790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via CM/ECF on this the 5th day of December, 2012 to **James Baldinger, Esquire,** Carlton Fields, P.A., CityPlace Tower, 525 Okeechobee Blvd, Suite 1200, West Palm Beach, Florida 33401.

> THE LAW OFFICES OF
> GEOFFREY D. ITTLEMAN, P.A.
> 440 North Andrews Avenue
> Fort Lauderdale, Florida 33301
> Tel: (954) 462-8340
> Fax: (954) 462-8342
> geoffrey@ittlemanlaw.com
>
> By:   s\Geoffrey Ittleman
>       Geoffrey D. Ittleman, Esq.
>       Florida Bar No.: 377790